**ELDA REGALDO OLIVAREZ**
    **Movant**

**v.**

                                     **Crim No.4:12-cr-00773**
                                         **7:09-cr-01757**

**UNITED STATES OF AMERICA**
    **Respondent**

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S SECOND MOTION PURSUANT TO
### 18 U.S.C. 3582(c)(1)(A) MOTION

#### History

On or about December 9, 2014, Elda Regaldo Olivarez  was sentenced to 300 months in the Bureau of Prisons for Conspiracy to Possess Methamphetamine with intent to deliver in case number 12-CR-00773 out of the Houston Division.  This time ran concurrent with revocation of her supervised release for another controlled substance violation transferred to the Houston Division in case number 09-CR-1757.

In June 2021, the defendant filed motions pursuant to 18 U.S.C. 3582(c)(i)(A) in each of the cases described above claiming a high risk for COVID due to her medical conditions.  This request was denied by Judge Lynn Hughes on June 11, 2021 because no evidence existed to show her medical conditions or the prison environment warranted a compelling reason for release.  In addition, the Judge pointed out that the defendant had a long history of drug trafficking and drug offenses that brought her back to prison.

## The Defendant has NOT shown an extraordinary or
## compelling reason for a sentence reduction

As the movant pursuant to § 3582(c)(1)(A), the defendant bears the burden to establish that she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). A court may reduce the defendant's term of imprisonment if the Court finds, (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i) [1]. The policy statement includes an application note that provides examples of extraordinary and compelling reasons, such as a terminal illness, certain cancers, and end stage diseases. Other criteria are cited, but the defendant does not qualify.

In this case, the defendant provided the court with nothing to demonstrate a compelling reason that would qualify for release under § 3582(c)(1)(A)(i) except the same medical claims described in her 2021 motion. In addition, the Warden of the prison facility reviewed her request on March 22, 2023 and found that the defendant did not have a compelling reason to justify a sentence reduction. In short, the defendant offers the same claims presented in her first motion which was ruled on by the court.

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

**THE DEFENDANT'S SENTENCE IS APPROPRITE BECAUSE
SHE IS A CONTINUING DANGER TO THE COMMUNITY**

The Sentencing Commission policy statement addressing reduction of sentences under

§ 3582(c)(1)(A) also states the court should consider if the defendant is a danger to the

community.   The defendant's criminal conduct and history were available to the District Judge at

sentencing and showed she was a danger to the public.  The defendant was sentenced to 151

months in the Bureau of Prisons with 4 years of supervised release on August 25, 1999 in

Michigan for a federal narcotics offense.   Jurisdiction on the defendant's supervised release was

transferred to the Southern District of Texas in 2009 and by 2012 the Defendant was under

indictment for distribution of Methamphetamine.   Again, the sentencing judge had access to her

criminal history and sentenced her to 300 months in the Bureau of Prisons.  The defendant is a

repeat offender and the only mechanism to prevent her continuing danger to the community as a

drug dealer is though incarceration.

**CONCLUSION**

The defendant's SECOND Motion for Compassionate release should be denied.  She is a

dangerous felon, who was properly sentenced by the District Judge, and she has NOT shown an

"extraordinary or compelling reason" to warrant a sentence reduction.

Respectfully Submitted
United States Attorney
Alamdar Hamdani

By: /s/ Jim McAlister
Jim McAlister
AUSA-SDTX

**Certificate of Service**

I certify that on September 6, 2023, I mailed a copy of the Government's respond to Elda Juanita Regaldo, #80948-079, FMC Carswell, P.O. Box 27137, Ft. Worth, Texas 76127.

Jim McAlister
Jim McAlister
AUSA-SDTX

**United States District Court**
**Southern District of Texas**
**Houston Division**

**ELDA REGALDO OLIVAREZ**
    **Movant**

    **v.**
                                    **Crim No.4:12-cr-00773**
                                            **7:09-cr-01757**

**UNITED STATES OF AMERICA**
    **Respondent**

## ORDER

The Defendant request for relief is     GRANTED   /   DENIED.

Signed on this the _____ day of _____, 2023.

                                 _____
                                  SIM LAKE
                                  UNITED STATES DISTRICT JUDGE