UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

ELSA REGALADO OLIVAREZ         CASE NO. 4:12-CR-00773
         V.
UNITED STATES OF AMERICA                 7:09-CR-1757

United States Courts
Southern District of Texas
FILED
SEP 29 2023
Nathan Ochsner, Clerk of Court

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S RESPONSE TO HER MOTION
PURSUANT TO 18 USC 3582 (c)(1)(A)

In the Governments response they argued two (2) issues: 1) Defendant has NOT shown an extraordinary or compelling reason for a sentence reduction; and 2) that she remains a continuing danger to the community. Her motion and exhibits clearly dispute this argument.

"Satisfying that 1B1.13 policy statements is no longer a requirement for a defendant-file a compassionate release motions and therefore the policy statement's requirement that the defendant not be a danger to the community no longer, provides an independent basis for denying compassionate release. United States v. Hampton, 985 F.3d. 530 (6th Cir. 2021). The Government erred in refering to this.

The Sentencing Commission has recently widened the Compassionate release portal. Within her motion Ms. Regalado filed many medical records that clearly show all the medical issues that she is currently dealing with. Ms. Regalado records clearly state she is Unstable Complex Chronic Care 3. They also

(1)

clearly show that she was transfered From Federal Prison Camp Bryan Tx on November 10, 2022 to Federal Medical Center (FMC) Carswell for Urgent Care. Her medical records show all her emergency's via ambluance to the hospital in Bryan Tx. They also show that since 2015 her PA at FPC Bryan was orderd to send her to a Cardologist because of her Traci-cardia, which they neglected. Ms. Regalado finally saw a Cardologist August 15, 2022 because they sent her to the ER due to her Traci cardia. Ms. Regulado has not had the proper medical by BOP medical staff, and neglected her heart problems, till that day that she had SVT. The government failed to acknowledge or rebuke any of this records.

"A new provision of elgibility recently added by the Sentencing Commision was "inability to mitigate risk," Or in basic terms inadequete medical care (which she continues to have here at FMC CARSWELL). They stated, "The defendant is suffering from a medical condition that requires long term or specialized medical care, without which the defendant is at risk of serious deterioration in health or death, that is not being provided in a timely or adequate manner." Ms. Regalado has a very serious heart condition called supraventricular tachycardia (SVT) and continues to be taken to the hospital via emergency ambluance for treatment. This is not the Only medical issue that she has, but by far the most serious. Potentially fatal consequeness would not constitue "just punishment." Ms. Regalado is 62 years old a non-violent drug offender with a risk assement of minium, and custody level minium-out security level.

Even if the court feels that a sentence of 330 months is constituted "Just" pushiment under other circumstances,

(2)

those circumstances have changed, and the real risk to Ms. Regalado's health and life if she remains in custody now weigh in favor of this quantity of reduction." It also means that further incarceration in her condition would be greater than necessary to serve the purposes of punishment set forth in Section 3553 (a)(2)," stated the Judge in United States v. Williams, 2020 U.S. Dist. LEXIS 63824 (N.D. Fla. April 1, 2020)(as he quoted United States v. McGraw, 2019 US Dist. LEXIS 78370 (S.D. Ind. May 9, 2019), as he released him from a life sentence.

As recently stated in United States v. Ortega, 2023 U.S. Dist. LEXIS 57086 (S.D. N.Y. March 31, 2023), "the court at the time of sentencing did not know: 1) there would be a pandemic, 2) that the conditions of confinement would be considerably harsher, and 3) how well he would do in custody." The Judge went on to say "the need to provide medical care in the most effective manner also weighs heavily in favor of allowing Ortega to seek medical treatment outside the confines of the BOP. Ms. Regalado should be allowed the same due to the same circumstances.

Prisons have a responsibility to provide adequate medical care to the persons in custody. Brown v. Plata, 563 U.S. 493, 511 (2011)("A prison that deprives prisoners of... adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society"). Several more courts have found that a

(3)

prison's failure to provide adequate or appropriate medical care can constitute an extraordinary and compelling circumstance warranting compassionate release. United States v. Beck, 425 F. Supp 3d. 573 (M.D. N.C. June 28, 2019); United States v. Arreola-Bretado, 455 F. Supp. 3d. 1154, 1158-59 (S.D. Cal. 2020); United States v. Jacobs, 470 F Supp. 3d. 969, 975 (S.D. Iowa 2020).

    The Government also failed to acknowledge or rebuke the extensive amount of rehabilitation that Ms. Regalado has completed. The statute dictates that rehabilitation "alone" is insufficient to constitute extraordinary and compelling reasons, 28 U.S.C. Section 994(t), rehabilitation can combine with other factors to satisfy the statutory standard. After all, "for the word 'alone' to do any work - as it must - that means courts can consider rehabilitation as part of a compassionate release motion." United States v. Brown, 457 F. Supp 3d. 691, 701 (S.D. Iowa 2020). Indeed, "legislators' use of the modifier 'alone' evidences that the believed that rehabilitation is relevant to the question of whether a sentence should be reduced and that rehabilitation, when considered together with other equitable factors, could constitute "extraordinary and compelling reason's for a sentence reduction." United States v. Millan, 2020 WL1674058 (S.D. N.Y. April 6, 2020).

Thus, "as a number of courts have recognized, rehabilitation combined with other factors can constitute, in their entirety, extraordinary and compelling reasons." United States v. Hasaroff, 2020 WL 6285308 (S.D.N.Y Oct 27, 2020); United States v. Ngo, 2021 WL 778660 (S.D. Cal. March 1, 2021); United States v. Lopez, 2020 WL 6298061 (D. Haw. Oct 27, 2020); United States v. Ledezma-Rodriguez, 472 F. Supp 3d. 498 (S.D. Iowa 2020); United States v. Clausen, 2020 WL 4260795 (E.D. PA July 24, 2020); United States v. Taniguchi, 2020 WL 6390061 (S.D. Ohio Nov 2, 2020); and many more.

Further, at least one Court of Appeals has held in the context of a motion filed under Section 3582(c)(i) that a district court "must provide a rationale as to why [defendants] who have placed themselves on a positive life trajectory, despite the challenges of a lengthy period of incarceration, should receive no relief for their rehabilitation." United States v. Martin, 916 F. 3d. 389, 397 (4th cir. 2019) and United States v. McDonald, 986 F. 3d 402, 412 (4th cir. 2021). Ms. Regalado has completed an astounding 1,036 hours of programming and has prepared herself to obtain legitimate employment once she is released by obtaining a college certificate as an Office Admisitrative Specialist from Blinn College, Bryan Texas. This alone greatly decreases her chance of recidivism.

Ms. Regalado has accumulated an excellent institutional record, which agrues shortly in favor of release.

(5)

"The lenght of sentence already served is not dispositive as to whether commpassionate release should be granted, but rather is a factor which the Court must consider under 18 U.S.C Section 3553(a)." United States v. Barber, 2020 U.S. Dist. LEXIS 83457 (May 2020) (released due to obesity and diabetes even though he only served 8 ½ months of his 60 months sentence). Another of the medical issues that Ms. Regalado also suffers from.

## CONCUSION

Given her age (62), poor health, and the fact that she will live with her family for the foreseeable future argues convincily that her chance of recidivism is extremely low and she would NOT be a threat to the community if released. She has taken various courses, and has turned her life around to the extent that as shown by he PATTERN SCORE - Mininum Risk recedivism, she is in a strong position to become a productive and positive member of society. She already has employment waiting for her. She will be released to her loving family, who would provide her with housing, medical care and transporatation. A release at this time would minimize the seriouness of her offense because she still has (10) years of supervise release in which she will be closely monitered, but would recognize the reality of her failing health.

(6)

Respectfully Submitted,
*Elda Regalado*
Elda Regalado Olivarez, Pro se
Reg. #80948-079

FMC Carswell / North
P.O. Box 27137
Forth Worth, Texas 76157

## CERTIFICATE OF SERVICE

I certify that on _____ I mailed a copy of the foregoing to AUSA JIM McALISTER, 1000 Lousiana, Suite 2300 Houston, TX 77002

*Elda Regalado*
Elda Regalado Olivarez

(8)